**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

No. 10-30390
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGAN GATTI,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-411
USDC No. 5:03-CR-50033-3

Before WIENER, STEWART, and HAYNES, Circuit Judges
PER CURIAM:[*]

Defendant-Appellant Regan Gatti, Louisiana prisoner # 375608, appeals the district court's denial of his 28 U.S.C. § 2255 motion, which he filed to challenge his jury trial convictions of conspiring to use and carry firearms during and in relation to a crime of violence; bank robbery; using, carrying, and possessing firearms during and in relation to a crime of violence; and possession of stolen firearms. He claims that his trial counsel was ineffective for failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object to the government's improper questions and comments regarding his post-arrest silence. Gatti argues that the Government's unobjected-to reference to his post-arrest silence undermined his duress defense.

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). A failure to establish either prong defeats the claim. *Id.* at 697. The court indulges in a "strong presumption" that counsel's representation fell "within the wide range of reasonable professional assistance" or that, "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). To demonstrate prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Duress is a difficult defense to establish. *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980). The evidence adduced at trial was inconsistent with a duress defense in the following respects. Even if Gatti's version of events is accepted as true, Gatti recklessly placed himself in the situation at issue by agreeing to engage in criminal activity (i.e., the theft of a truck) with Larry Thompson, Sr., whom he knew to have a violent history. *See United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). Additionally, after he was no longer in the presence of Thompson, and thus no longer under any threat of imminent and impending harm, Gatti encountered police officers but failed to surrender when he first had an opportunity to do so. *See id.* Moreover, any damaging effect of the government's references to Gatti's post-arrest silence was ameliorated by counsel's rehabilitation of Gatti on redirect examination. Gatti has not shown that there was a reasonable probability of a different outcome but for counsel's not objecting. *See Strickland*, 466 U.S. at 694.

AFFIRMED.